**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KEITH E. SONDERLING,[1]<br>ACTING SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZING CARE HOME HEALTHCARE<br>SERVICES, LLC, CHRISTOPHER KEAR, and<br>JOSEPHINE KILIPKO,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action<br>)<br>)<br>)<br>) No. 2:24-cv-00190-TJS<br>)<br>)<br>) |

**CONSENT JUDGMENT**

Plaintiff, Acting Secretary of Labor, United States Department of Labor, hereinafter referred to as "Plaintiff" or "the Acting Secretary," has filed his Complaint alleging violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter "the Act"). Defendants named above, hereinafter referred as "Defendants" or "Employers," have appeared by counsel, waive any defense which they may have and hereby agree to the entry of this Consent Judgment without contest.  It is, therefore, upon motion of the attorneys for Plaintiff and for cause shown:

ORDERED, ADJUDGED, AND DECREED that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 6, 7, 11(c), and 15 of the Act, in any manner, specifically:

---

[1]    Acting Secretary Sonderling is substituted as Plaintiff in this matter for former Secretary Lori Chavez-DeRemer.  Fed. R. Civ. P. 25(d).

1

1.	Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Sections 6 and 15(a)(2) of the Act.

2.	Defendants shall not, contrary to Section 7 of the Act, employ any of their employees including, but not limited to, any of their employees working at 1714 Grant Avenue, Suite 3, Philadelphia, PA 19115, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the said employees receive compensation for their employment in excess of the prescribed hours at a rate equivalent to one and one-half times the regular rates applicable to them.

3.	Defendants shall not fail to make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at 1714 Grant Avenue, Suite 3, Philadelphia, PA 19115, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to Section 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.

4.	Defendants shall not discharge or take any retaliatory action against any of their employees, whether or not directly employed by Defendants, because the employee engages in

any of the following activities pursuant to Section 15(a)(3) of the Act:

  i.  Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Employers or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act;

  ii.  Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by the Employers or another employer with whom there is a business relationship;

  iii.  Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act.

It is further ORDERED, ADJUDGED and DECREED by the Court that:

5.  Defendants are enjoined and restrained from withholding gross back wages in the sum total amount $1,500,000, and are jointly and severally liable for the payment of $1,500,000 in liquidated damages, due certain employees and former employees of Defendants set forth and identified in Schedule A, which is attached as Exhibit A hereto and made a part hereof.

6.  Defendants shall pay the above referenced amounts in accordance with the installment agreement, including interest, detailed on Exhibit B, which is attached hereto and incorporated herein.  Payments made in accordance with the installment agreement shall be made as follows:

  a.  For payments related to the back wages and liquidated damages, payments may be made online by ACH transfer, credit card, or debit card by going to

https://www.pay.gov/public/form/start/77689032  or www.pay.gov, referencing Case No. 1941837.

b.      The Acting Secretary or Secretary of Labor, through the Wage and Hour Division, shall distribute the back wages (less any applicable federal taxes, withholdings, and deductions) and liquidated damages payments to the employees and former employees, or to their estates, as set forth in Schedule A.   Any sums not distributed to the employees or former employees on Schedule A, or to their estates, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Treasurer of the United States pursuant to 29 U.S.C § 216(c).  Defendants shall remain responsible for all tax payments considered to be the "employer's share," including, but not limited to, FICA.

7.      It is FURTHER ORDERED, ADJUDGED, AND DECREED that if Defendants fail to make the payments as set forth in Paragraph 6 above, upon notice to the Defendants, the Court shall appoint a Receiver to effectuate all of the terms of this Consent Judgment.  In the event a Receiver is appointed:

a.      Defendants shall cooperate with the Receiver in all respects, and shall provide to the Receiver any and all information which the Receiver may require to carry out its appointment and in accordance with the authority given to the Receiver pursuant to applicable law at the time of appointment.

b.      All the expenses of the accountant or Receiver shall be borne solely by the Defendants.

c.      If the Court appoints a Receiver, the Receiver shall serve until the payment of the monetary terms of this Judgment are satisfied.

4

d.      The Receiver shall have full authority to: collect the Defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate the Defendants' assets and turn over the proceeds to the Acting Secretary or Secretary of Labor; if the asset is a debt that is due, collect it and turn over the proceeds to the Acting Secretary or Secretary of Labor; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of the Defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Judgment.

8.      Within thirty days of the entry of an order approving this Order, Defendants will provide the Wage and Hour Division with the current or last known address, telephone number, and social security number (or individual taxpayer identification number (if either are known)) of each individual identified on the attached Schedule A.

9.      Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Consent Judgment.  Any such amount shall be immediately paid to the Acting Secretary or Secretary of Labor for deposit as above, and Defendants shall have no further obligations with respect to such returned monies.  If recovered wages have not been claimed by the employee or the employee's estate within three years of the entry of this Consent Judgment, the Acting Secretary or Secretary of Labor shall deposit such money with the Treasury in accordance with Section 16(c) of the Act.

10.     The parties agree that the instant action is deemed to solely cover Defendants' business and operations for the relevant period for all claims raised in the Complaint as a result of the Acting Secretary's investigation.  The parties agree that the filing of this action and the provisions of this Judgment shall not, in any way, affect, determine, or prejudice any and all

rights of any person specifically named on Schedule A or the Acting Secretary or Secretary of Labor for any period after December 27, 2024, or any persons, be they current or former employees, not specifically named on Schedule A, insofar as such rights are conferred and reserved to said employees by reason of Section 16(b) of the Act

11.     Defendants agree that they are employers within the meaning of Section 3(d) of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

12.     By entering into this Consent Judgment, Plaintiff does not waive his right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to Section 16(e) of the FLSA, with respect to any violations disclosed by such investigations.

13.     It is FURTHER ORDERED, ADJUDGED AND DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding including, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

Date___5/18/2026_____        /s/ Timothy J. Savage
                                    _____
                                    Timothy J. Savage
                                    UNITED STATES DISTRICT JUDGE

6

Defendants have appeared by counsel and hereby consent to the entry of this Judgment.

For the Employers Amazing Care Home Healthcare Services, LLC, Christopher Kear, and Josephine Kilipko

_____

Christopher Kear
Individually, and as Owner/President of
Amazing Care Home Healthcare Services, LLC

_____

Josephine Kilipko

_____

Claude Schoenberg

Attorney for Defendants Amazing Care Home Healthcare Services, LLC, Christopher Kear, and Josephine Kilipko

For the Acting Secretary:

Jonathan Berry
Solicitor of Labor

Samantha Thomas
Regional Solicitor

_____

Alexander E. Gosfield
Senior Trial Attorney
PA ID # 209537

U.S. Department of Labor
Office of the Solicitor, Region III
1835 Market Street
Mailstop SOL/22
Philadelphia, PA 19103-2968
215-861-5124
215-861-5162 (fax)
Gosfield.alexander.e@dol.gov

U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff
U.S. Department of Labor

7

**EXHIBIT A**

**SCHEDULE A**

| |
|---|
| Aaron Hubbard Enterprises |
| Abdul-Karim, Zubaidatu |
| Abney, Shamir A |
| Abundance of Love |
| Agustin, Ramir A |
| Akinmusire, Modupe R |
| Akinmusire, Olasumbo M |
| Akintunde, Dasola B |
| Alexander, Brandie aka Major Care Services LLC |
| Alextel Home Health |
| Alicea, Anjelica |
| Al-Rifaie, Abdulazeez |
| Amicable Care Home Health |
| Anas Angels LLC |
| Argro, Britani |
| Austin, Patricia C |
| Barbour, Martise L |
| Bargblor, Tarnyenoh M |
| Begum, Syeda F |
| Bernard, Fannie aka Diligent Care LLC |
| Berry, Danasia |
| Blake, Shakerah L |
| Boateng, Ricki |
| Bonyeah Home Health LLC |
| Borkai, Miatta aka Emma Health Services LLC |
| Bowman, Celestine R |
| Brown, Nafiysa T |
| Brown, Tina R |
| Brown-Lee, Ashiyah |
| Brown-Lee, Ashiyah T |
| Byrd, Cheo |
| Cabrera, Melisa |
| Campbell, Shareese N |
| Carr, Andrea |
| Carr, Darren |

| |
|---|
| Carr, Victoire G |
| Carter, Maeretta |
| Chapman, Nicole |
| Chavous-Redd, Sade' L |
| Chisholm, Miosoty |
| Choice Health Care |
| Churchill-McCarthy, Marcella |
| Clayton-Sargent, Deborah D |
| Clifford Angels LLC |
| Cole, Patricia N |
| Collins, Carter H |
| Colon, Dalila |
| Colon, Evelyn |
| Colzie, Erika |
| Correa, Jennifer |
| Cruz, Iris |
| Cunningham, Nikisha L |
| Daniels Dream Homecare |
| Dasola Health Services LLC |
| Denard, Jarrod |
| Dennis, Maniva B |
| Derival, Geraldine |
| DiDomenicis, Amanda M |
| Dowdy-Goodman, Gregory |
| Dudu, Mary G |
| Elhachimi, Oumaima |
| Eliquate Home Healthcare |
| Emily's Care Llc |
| Entourage Home Care LLC |
| Evans, Claudine C |
| Evans, Raymond T |
| Evans, Susan A |
| Everage, Denise |
| Everage, Denise aka Divine Nursing Care |
| F Sesay Health Care LLC |
| Facer Health |
| Ferrell, Brittany A |
| Foster, Clare |
| Fountain, Lisa D |

| |
|---|
| Francios, Ketty |
| Garraud-Prophete, Yveline |
| Gbahtuo, Christina |
| Gbahtuo, Christina V |
| Gbeandeh, Karwon Y |
| Germain, Gina aka Griffin Woods Services LLC |
| Gloom Health Services |
| Grace Homecare LLC |
| Gwedy, Dia W |
| Hall, Ashley |
| Hall, Wesley |
| Hall, Wesley T |
| Hallager, Nikeeta J |
| Hallager, Nikeeta J aka Nikeetas Healing Hands |
| Hallager, Nikeeta J aka Nikeetas Healing Hands LLC |
| Hallagher, Alisha |
| Hardaway-Quinn, Sandra aka Little MAG Nursing |
| Harris-Lugo, Tracy |
| Haughton-Richardson, |
| Helm, Taneisha D |
| Herbert, Tamier A |
| Holden, Joseph S |
| Holman, Jennifer aka Jen & Robin Healthcare |
| Horeb, Casserguy |
| Houghton-Richardson, Devin aka Rest Assured Home Care |
| Houston, Simone |
| Hubbard, Aaron K |
| Hulk Humanity Services Llc |
| Humphrey, Zawhawraw |
| Jallah, Hawah |
| Jaryee, Zoe K |
| JJ & J Healthcare Services |
| JJ & J Healthcare Services LLC |
| Johnson, Gertrude C |
| Johnson, Tanaya M |
| Jones Loving Care |
| Jones, Ashley |
| Joy, Anna P |
| Joy, Preetha M |

| |
|---|
| Kamanda Homecare LLC |
| Kamara, Korsa |
| Kaplan, Virginia P |
| Kear, Christopher K |
| Keenas Care |
| Keller, Linda R |
| KILIKPO, JOSEPHINE K |
| Kirkpatrick, Brianna C |
| Kithcart, India |
| Kollie, Edwina |
| Kratee, Marpue aka Marpue Kratee LLC |
| L S Homecare Services LLC |
| Latonya Upshur LLC |
| Lee, Kaziyah S |
| Lewis, Maria aka At Home Assisted Living |
| Lisa Cuz I Care LLC |
| Lluna Nurse |
| LORETTAS LOVING |
| Mah, Plenser A |
| Mah, Wonsalon L |
| Mann, Anglea aka A Wise Choice LLC |
| Mansaray, Sulaiman aka Sunshine Health Services |
| Marcus, Samiyah A |
| Maria Anitha Home Care |
| Maria Anitha Home Care LLC |
| Marian Optimal Healthcare LLC |
| Marques LLC |
| Marshall, Lanashia |
| Marshall, Lanashia S |
| Martin, Bernice aka Bernice & Blessed |
| Martin, Bernice K |
| Martin, Princess |
| Mckie, Tysheerah |
| MEDCORPS |
| Melvin, Kionna L |
| Melvin, Linda |
| Men, Sreymoch |
| Metelus, Marie N |
| Miller, Dominique D |

| |
|---|
| Moore, Curtis |
| Morris Home Care LLC |
| Multani, Ariana |
| Murphy, Shaun |
| Murphy, Shaun C |
| Mwaura, Nicole |
| My Royal Care LLC |
| Nash, Joani |
| Neufville, Nicholas |
| Nikisha Home Care Agency |
| Nirvana Cares |
| Norton, Marlene |
| Nou, Malis |
| Nurse Che Creations |
| Nurse Gang LLC |
| Nyumah, Theresa |
| Olan, Sade aka Sadeolans INC |
| Oluoch, Rose W |
| Owusu, Bernard aka Optima Home Care LLC |
| Parker, Shavon |
| Pender, Latasha |
| Pittman, Sharde C |
| Porter, Chantal J |
| Powell, Hasan P |
| Princess Healthcare |
| Richards, Leonard T |
| Rivera, Natasha L |
| Rivera, Vanisha S |
| RJ Caring Nurse Services |
| RMH Nursing Group LLC |
| Roberts, Gertrude D |
| Robinson, Janai S |
| Robinson, Marcia |
| Robyn Goode |
| Rodriguez, Allison A |
| Saincilaire, Marie Y |
| Salako, Adepoju B |
| Samuels, Chantol M |
| Sangarie, Adella aka Monimac LLC |

| |
|---|
| Selasi, Hera |
| Selasi, Selom |
| Sesay, Malcolm D |
| Sharpe, Lisa |
| Sheriff, Hawa A |
| Singleton, Christine |
| Snow, Raymone M |
| Snowden, Angela aka Moma Loves LLC |
| SSRS Enterpises |
| Sterritt, Elizabeth A |
| Sullivan, Bruce |
| Sunu Care |
| Superior Nursing Home |
| Supreme Human Services |
| Supreme Human Services PLLC |
| Susan Health Care LLC |
| Taylor, Shannon V |
| Thelus, Yva |
| Thinking of You Nursing LLC |
| Togba, Lucia K |
| Torres, Ana I |
| Trombetta, Michele |
| Twiggs, Janiah |
| Upshur, Briona aka Briona Upshur LLC |
| Upshur, Latonya C |
| Urena, Belgica T |
| Vital Successful Nursing |
| Vitale's Vital Services LLC |
| Wallace, Jasmin aka Jazzy LLC & Companies |
| Wallace, Tijina S |
| Wellington, Naomi |
| Whaley, Lakesha |
| Whyee, Patricia |
| Wilson, Kia D |
| Wogbeh, Vivian aka Vivian Home Health |
| ZIIMA HEALTHCARE |

**EXHIBIT B**

| Payment # | Payment Due[3] | Beginning Principal | Principal Due[2] | Interest Due | Total Amount Due |
|---|---|---|---|---|---|
| Down Payment | CJ+30 | $3,000,000.00 | $600,000.00 | $0.00 | $600,000.00 |
| 1 | CJ+60 | $2,400,000.00 | $62,894.82 | $7,920.00 | $70,814.82 |
| 2 | CJ+90 | $2,337,105.18 | $63,102.39 | $7,712.43 | $70,814.82 |
| 3 | CJ+120 | $2,274,002.79 | $63,310.63 | $7,504.19 | $70,814.82 |
| 4 | CJ+150 | $2,210,692.16 | $63,519.56 | $7,295.26 | $70,814.82 |
| 5 | CJ+180 | $2,147,172.60 | $63,729.17 | $7,085.65 | $70,814.82 |
| 6 | CJ+210 | $2,083,443.43 | $63,939.48 | $6,875.34 | $70,814.82 |
| 7 | CJ+240 | $2,019,503.95 | $64,150.48 | $6,664.34 | $70,814.82 |
| 8 | CJ+270 | $1,955,353.47 | $64,362.17 | $6,452.65 | $70,814.82 |
| 9 | CJ+300 | $1,890,991.30 | $64,574.56 | $6,240.26 | $70,814.82 |
| 10 | CJ+330 | $1,826,416.74 | $64,787.73 | $6,027.09 | $70,814.82 |
| 11 | CJ+360 | $1,761,629.01 | $65,001.52 | $5,813.30 | $70,814.82 |
| 12 | CJ+390 | $1,696,627.49 | $65,216.01 | $5,598.81 | $70,814.82 |
| 13 | CJ+420 | $1,631,411.48 | $65,431.21 | $5,383.61 | $70,814.82 |
| 14 | CJ+450 | $1,565,980.27 | $65,647.11 | $5,167.71 | $70,814.82 |
| 15 | CJ+480 | $1,500,333.16 | $65,863.73 | $4,951.09 | $70,814.82 |
| 16 | CJ+510 | $1,434,469.43 | $66,081.15 | $4,733.67 | $70,814.82 |
| 17 | CJ+540 | $1,368,388.28 | $66,299.19 | $4,515.63 | $70,814.82 |
| 18 | CJ+570 | $1,302,089.09 | $66,517.95 | $4,296.87 | $70,814.82 |
| 19 | CJ+600 | $1,235,571.14 | $66,737.52 | $4,077.30 | $70,814.82 |
| 20 | CJ+630 | $1,168,833.62 | $66,957.73 | $3,857.09 | $70,814.82 |
| 21 | CJ+660 | $1,101,875.89 | $67,178.65 | $3,636.17 | $70,814.82 |
| 22 | CJ+690 | $1,034,697.24 | $67,400.40 | $3,414.42 | $70,814.82 |
| 23 | CJ+720 | $967,296.84 | $67,622.78 | $3,192.04 | $70,814.82 |
| 24 | CJ+750 | $899,674.06 | $67,845.99 | $2,968.83 | $70,814.82 |
| 25 | CJ+780 | $831,828.07 | $68,069.84 | $2,744.98 | $70,814.82 |
| 26 | CJ+810 | $763,758.23 | $68,294.42 | $2,520.40 | $70,814.82 |
| 27 | CJ+840 | $695,463.81 | $68,519.84 | $2,294.98 | $70,814.82 |
| 28 | CJ+870 | $626,943.97 | $68,746.00 | $2,068.82 | $70,814.82 |
| 29 | CJ+900 | $558,197.97 | $68,972.81 | $1,842.01 | $70,814.82 |

---

[2]    The first $1,500,000 of principal, to be paid as down payment and through installment 15, reflects payment of liquidated damages.  The remaining $1,500,000 principal to be paid reflects back wages owed.

[3]    This column's references to "CJ+[number]" mean the date of the consent judgment ("CJ") plus number of days, such that the down payment is due 30 days after the date the consent judgment is entered (CJ+30), the first installment payment is due 60 days after the date the consent judgment is entered (CJ+60), etc.

14

| 30 | CJ+930 | $489,225.16 | $69,200.46 | $1,614.36 | $70,814.82 |
| 31 | CJ+960 | $420,024.70 | $69,428.76 | $1,386.06 | $70,814.82 |
| 32 | CJ+990 | $350,595.94 | $69,657.91 | $1,156.91 | $70,814.82 |
| 33 | CJ+1020 | $280,938.03 | $69,887.81 | $927.01 | $70,814.82 |
| 34 | CJ+1050 | $211,050.22 | $70,118.38 | $696.44 | $70,814.82 |
| 35 | CJ+1080 | $140,931.84 | $70,349.80 | $465.02 | $70,814.82 |
| 36 | CJ+1110 | $70,582.04 | $70,582.04 | $232.85 | $70,814.89 |